UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PIPEFITTERS LOCAL 636 INSURANCE FUND,
TRUSTEES OF THE PIPEFITTERS LOCAL 636
INSURANCE FUND, GERALD HOOVER,
JOSEPH BOURGEOIS, CARL EVANS, JOHN R.
GREEN, GREG SIEVERT, FRANK WIECHERT,
on behalf of themselves and all others
similarly situated,

      Plaintiffs,

v.                                                                              Case No.       04-73400

BLUE CROSS BLUE SHIELD OF MICHIGAN, a           District Judge Arthur J. Tarnow
Michigan non-profit health-care corporation,
                                                              Magistrate Judge Donald A. Scheer

      Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION [96] FOR SUMMARY JUDGMENT;**
**GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION [118] FOR PARTIAL SUMMARY JUDGMENT**
**ADOPTING IN PART AND REJECTING IN PART REPORT & RECOMMENDATION [101];**
**ADOPTING PLAINTIFFS' OBJECTIONS [106] TO THE R&R;**
**REJECTING DEFENDANT'S OBJECTIONS [104] TO THE R&R;**
**GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION [74] FOR CLASS CERTIFICATION;**
**AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION [87] FOR A PROTECTIVE ORDER**

      Before the court are the cross-motions for summary judgment, the objections to the report and recommendation on plaintiff's motion for class certification, and defendant's motion for a protective order. This matter came on for a hearing on September 1, 2009.

      For the reasons stated on the record, defendant's motion for summary judgment is DENIED IN PART, except that the motion is GRANTED IN PART as to plaintiffs' state-law claims on the basis of preemption and as to any breach-of-fiduciary claim based on alleged misrepresentation concerning the assessment of the OTG fee.

      Plaintiffs' motion for partial summary judgment is GRANTED IN PART, except that it is

DENIED IN PART as to plaintiffs' state-law claims on the basis of preemption and as to any breach-of-fiduciary claim based on alleged misrepresentation concerning the assessment of the OTG fee.

The amount of plaintiffs' damages remains as a factual issue to be resolved.

As for the report and recommendation, it is ADOPTED IN PART as to the Rule 23(a) determination but REJECTED IN PART as to the magistrate judge's Rule 23(b) finding. Accordingly, plaintiffs' motion for class certification is GRANTED IN PART as to the OTG claim but DENIED IN PART as to the records claim. The court grounds this ruling on either Rule 23(b)(1)(A) or 23(b)(3).

The class is defined as follows: All entities (1) which had or have administrative-services contracts with Blue Cross Blue Shield of Michigan and (2) which were or are assessed the other-than-group fee.

The certified issues are:

1. Whether Blue Cross was a fiduciary under ERISA with respect to the class in assessing the OTG fee.

2. Whether Blue Cross breached a fiduciary duty owed to the class by assessing the OTG fee.

The law firm of Sullivan, Ward, Asher & Patton, P.C., is appointed as class counsel.

By **October 1, 2009**, Defendant shall provide plaintiffs with a list of the entities who were both ASC customers and against whom Blue Cross assessed the OTG fee.

By **October 1, 2009**, Plaintiffs and defendant shall jointly file a proposed notice of class certification. If they cannot agree, they shall file competing notices by October 1. Responses may be filed by October 13, 2009.

04-73400

SO ORDERED

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  September 3, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 3, 2009, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager