UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PIPEFITTERS LOCAL 636
INSURANCE FUND,

      PlaintiffS,                      Case No. 04-73400

v.

                                  Honorable Arthur J. Tarnow

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

      Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION, FOR CERTIFICATION OF STATE LAW ISSUE TO THE MICHIGAN SUPREME COURT, OR FOR CERTIFICATION OF ISSUE TO THE SIXTH CIRCUIT COURT OF APPEALS [128], DEFENDANT'S REQUEST FOR ORAL ARGUMENT ON THE MOTION FOR RECONSIDERATION, AND DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS PENDING RESOLUTION OF ITS MOTION [129]**

Now before the court is Defendant's Motion for Reconsideration, For Certification of State Law Issue to the Michigan Supreme Court, or For Certification of Issue to the Sixth Circuit Court of Appeals [128], Defendant's Request for Oral Argument on the Motion for Reconsideration, and Motion for Stay of Proceedings Pending Resolution of Its Motion [129]

Local Rule 7.1(g)(3) provides that:

> Generally, and without restricting the court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different

disposition of the case.

Here, Defendant has not shown any palpable defect in this court's order, as required by L.R. 7.1(g)(3).  Defendant's motion to reconsider merely addresses the same issues that were previously argued extensively in the parties' briefs and ruled upon by this court at the September 1, 2009 hearing.

Defendant goes on to argue in the alternative that if this court denies the motion for reconsideration, then it should certify the issue of the proper interpretation of MCL 550.1211(2) and MCL 440.1609(5) to the Michigan Supreme Court.  Local Rule 83.40(a) provides that:

> Upon motion or after a hearing ordered by the Judge *sua sponte*, the Judge may certify an issue for decision to the highest Court of the State whose law governs its disposition.  An order of certification shall be accompanied by written findings that: (1) the issue certified is an unsettled issue of State law, and (2) the issue certified will likely control the outcome of the federal suit, and (3) certification of the issue will not cause undue delay or prejudice.

Plaintiff argues that Defendant's request should be deemed untimely and that Defendant is attempting to use the request as a dilatory tactic.  Plaintiff also contends that this court already decided the issue of Defendant's liability under Michigan law and that Defendant is attempting to get a "second bite of the apple" by having another court review this decision.

In its ruling on September 1, 2009, this court addressed the issue of MCL 550.1211(2) and MCL 440.1609(5) and their application to the case.  The court found that the provision cited by Plaintiff, MCL 550.1211(2), which states that there cannot be cost transfers between self-insurers and policyholders, more

specifically addresses whether self-insurers can be assessed fees to subsidize policyholders and more specifically relates to the OTG fee. Therefore, collecting the fee was found to be contrary to Michigan law. The reading of the statutes that Defendant argues in support of in the instant motion was considered and rejected by this court at the hearing on September 1, 2009.

Plaintiff is correct in asserting that this court's decision to refer the case under L.R. 83.40 to the state supreme court is not mandatory but within the court's discretion. *See Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995). The Supreme Court has noted that "the mere difficulty in ascertaining local law is no excuse for remitting the parties to a state tribunal for the start of another lawsuit. [The Court does] not suggest that where there is doubt as to local law and where the procedure is available, resort to it is obligatory." *See Lehman Bros. v. Schein*, 416 U.S. 386, 390-391 (1974). Here, the court considered the two provisions of Michigan law that the parties cited and acted within its authority in determinating that Defendant breached its fiduciary duty by assessing the fee contrary to Michigan law. Furthermore, Defendant's decision to make this request now, after five years of litigation and a decision by this court in favor of Plaintiffs, raises concerns about dilatory tactics. Defendant could have filed this motion previously but chose not to. Defendant has not demonstrated under L.R. 83.40 that certification of the issue will not cause undue delay or prejudice to plaintiff.

Alternatively, Defendant argues that this court should certify the issue of the interpretation of Michigan law for interlocutory appeal to the Sixth Circuit. A

3

district court judge may certify an issue for interlocutory appeal if the case "involves a controlling question of law as to which there is substantial ground for difference of opinion and... an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b).

Defendant argues that there are substantial grounds for difference of opinion as to the question of whether Defendant is a fiduciary with respect to the OTG claim and whether it violated the law in breach of its fiduciary duty. Plaintiff argues that this court should decline to exercise its discretion to certify the appeal, as Defendant has failed to establish the existence of substantial grounds for difference of opinion.

The plain language of 28 U.S.C. § 1292(b) makes the district court's decision whether to certify an interlocutory appeal discretionary. Certification should be ordered sparingly and only in exceptional cases. *See In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *see also Kraus v. Board of County Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966). Other courts in this district have noted that in determining whether a substantial ground for difference of opinion exists, the court is to consider whether "(1) the question is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *See City of Dearborn v. Comcast of Mich. III, Inc.,* 2008 U.S. Dist. LEXIS 107527 at 7 (E.D. Mich. 2008); *see also Eagan v. CSX Transportation, Inc.*, 294 F. Supp.2d 911, 916 (E.D. Mich 2003).

4

Furthermore, "Simply because a court decides a novel issue or a question of first impression does not mean there is substantial ground for difference of opinion concerning the correctness of the ruling. Serious doubt as to how an issue should be decided must exist in order for there to be substantial ground for difference of opinion." *See City of Dearborn* at 8-9.

Defendant has not demonstrated that the issues it raises constitute "difficult" questions that are so "exceptional" as to warrant this case being certified for interlocutory review. This court considered, after extensive briefing by the parties, the question of whether Defendant was a fiduciary with respect to the OTG claim and concluded at the hearing on September 1, 2009 that Defendant was a fiduciary because it exercised control over the plan assets. The court determined that Plaintiff advanced funds to Defendant, which paid claims on their behalf to providers. Sometimes, the amounts Defendant paid might have been more than what Plaintiff advanced but Plaintiff was responsible for making up the difference. That was the point of the self-insuring arrangement. Defendant collected the OTG fee by not passing through the entire fee discount it had negotiated with providers. This shows that Defendant exercised control over plan assets and thus acted as a fiduciary. The court then went on in its ruling to conclude that the assessment of the fee was contrary to Michigan law. This court also rejected Defendant's argument (raised again in its motion) that the Insurance Commissioner's ruling required the fund to pay the OTG fee, as the ruling is not consistent with the fact that Defendant did not levy the fee uniformly. This undermines Defendant's argument that it was required to assess the OTG fee.

5

This court is not required to order certification and declines to further delay these proceedings by doing so in this case. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) ("Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule.").

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration, For Certification of State Law Issue to the Michigan Supreme Court, or For Certification of Issue to the Sixth Circuit Court of Appeals [128] is **DENIED.**

Defendant's Request for Oral Argument on the Motion for Reconsideration is **DENIED.**

As this court is not delaying its determination of Defendant's Motion for Reconsideration, Defendant's Motion for Stay of Proceedings Pending Resolution of this Motion is **DENIED.**

**SO ORDERED.**

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: October 20, 2009

04-73400

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 20, 2009, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR

Case Manager