**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PIPEFITTERS LOCAL 636 INSURANCE FUND,

Plaintiffs,

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN,

Defendant.
_____________________________________/

Case No. 04-73400

Honorable Arthur J. Tarnow

**ORDER DENYING THE COMMISSIONER'S MOTION TO INTERVENE AS A DEFENDANT IN ORDER TO FILE A MOTION FOR RELIEF FROM ORDER [166] AND DENYING PLAINTIFFS' MOTION TO STRIKE EXHIBITS SUPPORTING MOTION TO INTERVENE [169]**

Now before the court are the Commissioner's Motion to Intervene as a Defendant in Order to File a Motion for Relief from Order [166] and Plaintiffs' Motion to Strike Exhibits Supporting Motion to Intervene [169].

The parties and the proposed intervenor have fully briefed the issues raised in the motions. Pursuant to Local Rule 7.1(f)(2), the Court will decide these motions without oral argument.

As a preliminary matter, the Court notes that on December 18, 2009, the Sixth Circuit issued an order [152] stating that "the proceedings in the district court related to class certification and the class claims are stayed pending this court's review of the class certification order." However, neither party disputes that this order does not restrict the Court's authority to rule on the instant motions. Accordingly, the Court will proceed to a decision on the merits.

**I. Commissioner's Motion to Intervene**

**A. Intervention as of right**

Under Fed. R. Civ. P. 24(a) (intervention as of right):

> *On timely motion*, the court must permit anyone to intervene who: (1) is given an

> unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the motion, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest"

(emphasis added).

Both Plaintiffs and the Commissioner do not dispute the standard the Court must apply in determining whether to permit intervention as a matter of right. The Sixth Circuit has concluded that a proposed intervenor must establish four factors before being permitted to intervene as of right. The proposed intervenor must show: "(1) the motion to intervene is timely; (2) the proposed intevenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest." *See Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007). Additionally, Plaintiffs correctly note that the Sixth Circuit has held that "[a] failure to meet one of the criteria will require that the motion to intervene be denied. *See Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989); *see also Coalition*, 501 F.3d at 780.

**1. The timeliness factor**

The Commissioner's Motion to Intervene is denied because it is indisputably untimely.

The Sixth Circuit has found that in considering the "timeliness" factor on a motion to intervene, a court is to consider five factors:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention, and (5) the existence of unusual circumstances militating against or in favor

of intervention.

*See Grubbs*, 870 F.2d at 345-346.

The above factors related to timeliness weigh heavily in favor of a finding that this motion is untimely. As Plaintiffs point out, this case is six years old, having been filed September 1, 2004. Since that time, it has been heavily litigated, with the Court ruling on dispositive motions in September 2009. In 2007, the Sixth Circuit issued a decision in the case, which has been cited by other courts. Blue Cross also cited this case in a filing in a 2007 case in Oakland County Circuit Court where Oakland County was suing Blue Cross. The filings in this case and the Sixth Circuit's decision are public records. The Court is astonished at the Commissioner's assertion that he did not know about this lawsuit, as this case involves an issue the Commissioner now claims is extremely important to his office. Even if he truly did not know about this case, he *should* have known, which is all that must be shown under the case law.

Moreover, even if the Court accepts the Commissioner's claim that he first learned about this lawsuit in October 2009, the motion is still untimely. The Commissioner maintains that he first became aware of this case at an October 2009 Blue Cross Medigap rate hearing.[1] Thus, he admits he knew about this case in October 2009 *and then proceeded to wait eight months to file a motion to intervene on June 22, 2010.*

For purposes of intervention, this lapse of time is unacceptable. The Commissioner failed to file a motion in this case for eight months. His only explanation for this is that he first

[1] It is unclear why this case, which the Commissioner claims raises such an important issue, never came up at a prior Medigap hearing. Even if the Court had not ruled in Plaintiffs' favor until September 2009, certainly there was a chance that the Court might rule against Blue Cross. Thus, one would think based on the Commissioner's assertions in the motion that the case might have come up previously.

had to decide "how best to present [his] position on the statutory question to the Court"; once intervention was decided, he *and his staff* had to "familiarize themselves with the procedural history of this case, reviewed various filings made and record evidence submitted by the parties, and researched and drafted the intervention motion and accompanying motion for relief from order." *See* Comm's Reply [172] at 2 (emphasis added). This explanation is unsatisfactory. There is no reason it should have taken eight months to take action in this matter. If the Commissioner was interested in intervening, he should have promptly attempted to do so.

Additionally, in considering the timeliness factor, the Court is to look, as noted above, at the purpose for which intervention is sought. Here, the Commissioner states that the purpose is to file a motion for relief from order to challenge the Court's ruling that Blue Cross improperly assessed the OTG fee. In that motion for relief, which is offered as an exhibit, he argues that the Court's understanding of Michigan law is incorrect and that Blue Cross' view is the correct one.

However, the Court already considered these arguments in the summary judgment motions filed by the parties. Blue Cross previously asserted that the OTG subsidy is a charge required by the Commissioner to help fund Medigap coverage for senior citizens. However, the Court found that collecting the OTG fee is contrary to Michigan law. Following the summary judgment ruling, Blue Cross filed a Motion for Reconsideration. The Court denied that Motion, finding that Blue Cross was attempting to re-litigate arguments already rejected. All the Commissioner is seeking to do here is to re-litigate an issue that the Court previously considered. The Commissioner is not permitted to enter this litigation so late in the game to argue an issue that Blue Cross already argued twice. Allowing the Commissioner to do so would be prejudicial to Plaintiffs, who already litigated these issues over the course of six years with Blue Cross.

Thus, regardless of whether the Commission should have known about this case before October 2009 or first learned about it in October 2009, the motion to intervene is untimely.

As the failure to meet even one of the four factors cited above for intervention as of right is sufficient to deny a motion to intervene as of right, the Commissioner's motion to intervene as of right is denied.

**2. An additional factor**

While the Commissioner's motion for intervention as of right could be denied solely on the timeliness ground, it also fails on the factor that it must show that the parties presently before the court do not adequately represent the Intervenor's interest in the case. Blue Cross has taken the position in this case that collection of the OTG fee was required by Michigan law and the Insurance Commissioner to help fund Medigap coverage for senior citizens. The Commissioner now seeks to make the same argument. Although this Court ruled in Plaintiffs' favor at the September 1, 2009 hearing, nothing in the record indicates Blue Cross' counsel, Dickinson Wright, has been deficient in arguing its position.

Therefore, this factor also weighs against intervention.

**B. Permissive intervention**

Fed. R. Civ. P. 24(b)(2) allows for permissive intervention by a government officer or agency, stating:

> (2) *By a Government Officer or Agency*. *On timely motion*, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on: (A) a statute or executive order administered by the officer or agency; or (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

> (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

(emphasis added). Similar to intervention as of right, permissive intervention requires that the motion be filed timely. *See Velsicol Chemical Corp. v. Enenco, Inc.*, 9 F.3d 524, 531 (6th Cir. 1993).

As discussed above, the Commissioner's motion was clearly untimely. Moreover, allowing intervention would unduly delay or prejudice the adjudication of the original parties' rights. Plaintiffs prevailed in this case after years of litigation. Forcing the Plaintiffs to re-argue the same position would be prejudicial to them. *See Hatton v. County Bd. of Educ.*, 422 F.2d 457, 461 (6th Cir. 1970) (Court holds "that to permit intervention here would unduly delay and prejudice the rights of the present plaintiffs, particularly since the legal position which the petitioners seek to advance is well settled adversely to them").

Thus, Defendants' motion seeking permissive intervention is denied.[2]

## II. Plaintiffs' Motion to Strike

Plaintiffs' Motion to Strike is denied. Nothing in the Federal Rules precludes the inclusion of the proposed motion for relief as an exhibit. Fed. R. Civ. P. 24(c) states that the motion for intervention must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." That language only states what a proposed

---

[2] The Court acknowledges that on December 7, 2010, the Sixth Circuit entered an order granting the Commissioner's Motion to File an Amicus Brief on the pending appeal regarding class certification. Nothing in this Court's order precludes the Commissioner from moving to file an amicus brief in this Court.

intervenor must include with his or her motion; it does not indicate that he or she is prohibited from including anything in particular with the motion to intervene.

**III. Conclusion**

For the reasons stated above, **IT IS HEREBY ORDERED** that the Commissioner's Motion to Intervene as a Defendant in Order to File a Motion for Relief from Order [166] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Exhibits Supporting Motion to Intervene [169] is **DENIED**.

**SO ORDERED.**

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: December 9, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 9, 2010, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Relief Case Manager